SAMUEL C. BOEHM et al. *vs.* CALVIN W. ALLEN.

Cumberland.    Opinion December 12, 1906.

*Intoxicating Liquors.   Constitutional Law.   Interstate Commerce.   R. S., chapter
29, section 64.*

The plaintiffs who were wholesale liquor dealers in the City and State of
New York and likewise were citizens of that state, brought an action of
assumpsit upon an account annexed to recover the purchase price for
intoxicating liquors brought by the defendant, a citizen of the State of
Maine, with an intent to sell the same in the State of Maine in violation of
law.   The defendant interposed the statute, R. S., chapter 29, section 64,
in defense to the action.

While the defendant bought the liquors for the purpose and with the intent
of reselling the same in the State of Maine in violation of the statutes of
Maine, yet there is no evidence showing that the plaintiffs participated in
this illegal design, or did any act in its furtherance or even had knowledge
of the intent upon the part of the defendant to sell the liquors in violation
of law.   Therefore the sole question presented with reference to the plain-
tiff's right to maintain the action, in view of R. S., chapter 29, section 64,
is whether or not that statute is in violation of the commerce clause of the
federal Constitution.

*Held:* that this is precisely the same question decided by this court in *Corbin*
v. *Houlehan,* 100 Maine, 246, and for the reasons stated in the opinion in
that case it is again decided that R. S., chapter 29, section 64, is valid and
is not in conflict with the federal Constitution.

*Corbin* v. *Houlehan,* 100 Maine, 246, affirmed.

On exceptions by plaintiffs. Overruled.

Assumpsit on account annexed to recover the purchase price for intoxicating liquors sold by the plaintiffs, to the defendant, in the State of New York, with intent, upon the part of the defendant, to sell such liquors in Maine in violation of law. The plaintiffs were citizens of the City and State of New York at the time of the sale while the defendant was a citizen of Maine.

The action was commenced in the Superior Court, Cumberland County. Writ dated February 4, 1904. Plea, the general issue with the following brief statement : " That no recovery can be had by plaintiffs in the courts of the State of Maine because, he says, the items of the said plaintiffs' account against him were solicited or sold within the State of Maine, contrary to Revised Statutes of Maine, chapter, 27, section 30 as amended, and section 56 of said chapter, and other sections and chapters of laws of Maine applying to sale of intoxicating liquors.

"Also that said contract was for goods intended for illegal sale within State of Maine and no recovery can be had under said chapter 27, section 56."

The matter was heard before the Justice of the Superior Court on an agreed statement of facts, without the intervention of a jury, subject to exceptions in matters of law. The Justice found for the defendant. During the hearing certain rulings were requested by the plaintiffs which were refused, and thereupon the plaintiffs took exceptions.

The pith of the case appears in the opinion.

*Barrett Potter*, for plaintiffs.

*Clarence E. Sawyer*, for defendant.

Sitting : Wiswell, C. J., Emery, Savage, Powers, Peabody, Spear, JJ.

Wiswell, C. J. The plaintiffs are wholesale liquor dealers in, and citizens of, the City and State of New York. The defendant is a citizen of this State. The action is one of assumpsit, upon an account annexed to the writ, to recover the purchase price for liquors

bought by the defendant of the plaintiffs, in the State of New York, with intent, upon the part of the defendant, to sell them in this State in violation of law. The action was commenced in the Superior Court for Cumberland County, where the defense interposed the statute, as follows : "No action shall be maintained upon any claim or demand, promissory note or other security contracted or given for intoxicating liquors sold in violation of this chapter, or for any such liquors purchased out of the State with intention to sell the same or any part thereof in violation thereof ; but this section shall not extend to negotiable paper in the hands of a holder for a valuable consideration and without notice of the illegality of the contract." R. S., chap. 29, sec. 64.

The plaintiffs' answer is that this statute is invalid because in conflict with the commerce clause of the Federal Constitution ; that it is an attempt upon the part of the State Legislature to regulate commerce between the States, and is a direct interference with such commerce. The court below ruled that the statute was valid and that the action could not be maintained. The case comes here upon various exceptions by the plaintiffs, none of which need be considered except that in relation to the validity of this statute.

The question presented is precisely the one recently decided by this court in *Corbin* v. *Houlehan,* 100 Maine, 246. The only distinction between the cases is this: The opinion in *Corbin* v. *Houlehan* contains this statement of facts : "These liquors were bought by the defendant (the word "plaintiffs" in the printed report should be "defendant") for the purpose and with the intention of selling them in this State in violation of the laws of the State, and they were subsequently so sold by him, and the plaintiffs when they accepted the order, and thereby completed the contract, not only knew that they were intended for illegal sale, as practically admitted by one of the plaintiffs in his testimony, but also materially aided the defendant in his attempt, apparently successful, to prevent their seizure, by marking the goods, in accordance with the direction of the purchaser contained in the order, in the name of a person other than the purchaser, which name was adopted by him for this purpose, and it was known by the plaintiffs' agent that the name in which

the liquors were to be shipped was fictitious and adopted by the defendant for the purpose of avoiding their seizure. Later in that opinion it is said: "So far, we have considered only the fundamental proposition that, independently of any statute upon the subject forbidding resort to our courts, and upon common law principles, the courts of a state will not enforce a contract made in another state, and valid where made, provided the purpose of both parties to the contract was to violate the laws of the state of the forum, and if the vendor did some act in furtherance of such purpose. In accordance with this principle it might well be held in this case that the plaintiffs would not be entitled to a remedy in our courts, since they not only knew of the illegal design of the purchaser but furthered that design by having the liquors marked in the name of a fictitious consignee to aid the purchaser in the evasion of our laws."

In this case the defendant bought the liquors in question for the purpose and with the intent of reselling them in this State in violation of the statutes of the State. But there is no evidence in the case showing that the vendors, the plaintiffs, participated in this illegal design, or did any act in its furtherance or even had knowledge of the intent upon the part of the purchaser to sell the liquors in violation of law. So that the sole question in this case, with reference to the plaintiffs' right to maintain this action, in view of our statute above quoted, is, whether or not that statute is in violation of the commerce clause of the Federal Constitution.

That was precisely the question decided by this court in *Corbin* v. *Houlehan*. Although the court in its opinion said that the case might be decided upon another principle, that is, that the plaintiffs not only knew of the illegal design of the purchaser, but also furthered him in that design, the court in fact decided the case upon the ground that the statute relied upon was not in conflict with the Federal Constitution, that for that reason the statute was valid, and the action could not be maintained. In that case the court said: "But the question presented here by the plaintiffs' exceptions is as to the constitutionality of the statute in question which does not make a participation by the vendor in the purchaser's illegal pur-

pose, or even his knowledge of the purchaser's illegal purpose, necessary to prevent his resorting to our courts."

After a careful consideration of the exhaustive and able discussion of the question by the counsel for the plaintiffs, we adhere to the conclusion reached in the case referred to, and again decide, for the reasons stated in the opinion of the court in that case, that the statute above quoted, and relied upon by the defense, is valid and is not in conflict with the Federal Constitution. For a full statement of the reasons upon which this conclusion is based, we adopt as a part of this opinion the opinion of the court in the case of *Corbin* v. *Houlehan,* 100 Maine, 246.

We appreciate that the final and authoritative determination of this question is for the Supreme Court of the United States, and that, very likely, the purpose of the counsel in again presenting the question to this court is that it may be carried to that court. A different conclusion may be reached by that tribunal when the question is presented to it, but we are not aware of any utterances of that court, up to the present time, which have the effect of changing the conclusion reached by us in the previous case.

*Exceptions overruled.*